Hurley, J.
The complaint in this action against four defendants, contains three counts. Answers have been filed on behalf of all defendants. Plaintiff filed a motion for summary judgmenton Count III ofthe complaintwhichis againstthreeof the four defendants. That motion was allowed against these three defendants and one of the three defendants now seeks to appeal the allowance of that motion. Although the appeal is clearly interlocutory, we hear it for the reason that the trial judge appears to have exercised his discretion pursuantto Dist./ Mun. Cts. R. Civ. P., Rule 64 (d) to have his allowance ofthe motion for summary judgment reviewed prior to any other action being taken on this case.
Count III of the complaint seeks recovery on a promissory note executed by three defendants. Apparently the amount of the note represents unpaid lumber and building materials sold by plaintiff to the defendant building corporation. Defendant admits signing the promissoiy note but alleges that she did so based on, among other things, a false representation made to her by plaintiff that she was already liable to plaintiff because she had personally guaranteed the debts of the defendant building corporation.
In considering the motion for summary judgment, the judge had before him the amended complaint, answer to the amended complaint, affidavit of the credit manager of the plaintiff, memorandum in support of the motion, affidavit of the defendant Pamela B. Marsh in opposition to the motion with attachments, and promissory note to which the motion for summary judgment was directed. She alleges, among other things, that she signed this note in the mistaken belief and based on a material misrepresentation that she had executed a personal guarantee in favor ofthe plaintiff at a prior time. There is no allegation anywhere in the materials before the motion judge that the defendant was actually involved in the building and development business. Nor is there any allegation that the defendant Pamela B. Marsh derived any benefit from the various transactions.
Whether the defendant was induced into executing the note by the misrepresentation ofthe existence of her prior guarantee is one of fact which, if proved, may relieve her of liability. Her argument is buttressed by her additional averment that she had signed a guarantee securing credit to her husband’s business from a different lumber company. We determine that the defendant has raised a genuine issue as to a material fact and that the motion for summary judgment should have been denied. Yorke v. Taylor, 332 Mass. 368 (1955).